Gerald Wayne STEELE *v.* STATE of Arkansas

CR 83-78 655 S.W.2d 381

Supreme Court of Arkansas
Opinion delivered July 5, 1983

*Law Office of W. B. Putman, W. B. Putman* and *E. E. Maglothin, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of second degree murder and sentenced to ten years in prison. During the jury trial appellant sought to cross examine a witness for the state about an alleged prior felony conviction. The trial court refused to allow the defense to ask about the alleged conviction because it had been expunged by the sentencing court. Appellant argues that the refusal to allow cross examination about the alleged conviction vio-

lated the provisions of Arkansas Uniform Rules of Evidence, Rule 609 (c), Ark. Stat. Ann. § 28-1001 (Repl. 1979). We believe the trial court made the correct determination.

· The argument concerns the criminal record of a witness who was charged with possession of a controlled substance with intent to deliver and offered to plead guilty to the charge. The court took the plea under advisement for a period of three years and also assessed a fine of $1,000 against the witness. After three years the trial court entered an order of expungement of the offer to plead and the taking of the case under advisement. The order stated that LaFerney had met all the terms and conditions of the earlier order and had in fact been a model citizen. The order provided that all charges were dismissed.

The only point involved in this appeal is whether the refusal of the trial court to allow appellant to cross examine the witness about a prior felony conviction violated Uniform Evidence Rule 609 (c) which states:

(c) Effect of Pardon, Annulment, or Certificate of Rehabilitation. Evidence of a conviction is not admissible under this rule if (1) the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence.

Edward Joe (Big Ed) LaFerney appeared as a witness for the state in the prosecution of appellant for causing the death of Gary Leon (Mad Dog) Martin. There is considerable disagreement between the parties as to whether the previous proceedings involving the witness amounted to a conviction. This argument overlooks the fact that it makes no difference whether these proceedings amounted to a conviction. Rule 609 (c) specifically deals with the admissibility of *convictions* which have been the subject of pardon,

annulment, certificate of rehabilitation, or *other equivalent procedures* based on a finding of the rehabilitation of the person convicted and a further finding that such person has not been subsequently convicted of a felony.

This being the first interpretation of Rule 609 (c) as applied to a situation where a witness's prior record has been expunged, we choose to give the rule its plain and ordinary meaning. Therefore, we hold that the trial court correctly ruled that the expungement of the prior proceedings, whether it was a conviction or not, rendered such record inadmissible. The trial court found that he had been rehabilitated prior to the entry of the order of expungement. Rule 609 (c) requires the court to refuse to allow a conviction which has been expunged, to be used for testing the credibility of a witness.

Affirmed.